# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

No. 92-8155
_____

IN RE:

BOB SLAGLE,

Petitioner.

_____

Petition for Writ of Mandamus to
the United States District Court
for the Western District of Texas
_____
(May 11, 1992)

Before JOLLY, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:

CERTIFICATE OF QUESTION
FROM COURT OF APPEALS
PURSUANT TO 28 U.S.C. § 1254(3)

STATEMENT OF THE CASE

The underlying matter involves three redistricting cases concerning the reapportionment of Texas's legislative and congressional districts, Terrazas v. Richards, Nos. A-91-CA-425, A-91-CA-426, and A-91-CA-428 (W.D. Tex). The three-judge district court has entered various substantive orders and judgments that effectively require the State of Texas to conduct elections under a court-ordered, interim redistricting plan. See Terrazas v.

Richards, 1991 U.S. Dist. LEXIS 19860 (Dec. 24, 1991). The orders have been appealed to the United States Supreme Court and are pending as No. 91-1270, Richards v. Terrazas, and No. 91-1546, Slagle v. Terrazas.

Petitioner Bob Slagle, Chairman of the Texas Democratic Party, filed two motions asking the Honorable James Nowlin, a member of the three-judge panel, to recuse and raised the recusal issue again in a motion to vacate. Judge Nowlin individually denied the motions. The petitioner also filed a motion requesting the full three-judge court to review Judge Nowlin's failure to recuse. That motion was not acted upon by the three-judge court; instead, Judge Nowlin individually denied it.

On April 1, 1992, the petitoner filed in this court, as No. 92-8155, a petition for writ of mandamus asking the court to compel Judge Nowlin to disqualify himself from participating in the ongoing district court proceedings. This court sua sponte has raised the question of whether mandamus lies in the court of appeals or instead in the Supreme Court.

QUESTION CERTIFIED

Where an individual judge, who is a member of a three-judge district court panel, has denied a motion to disqualify him, does a petition for writ of mandamus to compel his disqualification lie in the United States Court of Appeals or, instead, in the United States Supreme Court?

2

<u>REASON FOR THE CERTIFICATE</u>

This question is res nova.  Appeals from the orders of three-judge district courts lie in the Supreme Court, but no reported authority has considered where a petition for writ of mandamus regarding disqualification lies.  In light of the fact that appeals on the merits in this matter are pending in the Supreme Court, the Court may wish to address the jurisdictional issue regarding disqualification.

QUESTION CERTIFIED.